JOURNAL ENTRY AND OPINION
This is an appeal from a jury verdict following trial before Judge Bridget M. McCafferty. Appellant Robert Long contends that finding him guilty of felonious assault is against the great weight of the evidence because, while he does not dispute the degree of harm suffered by the victim, he denies that his actions caused those injuries. We disagree and affirm.
The record reveals the following facts. Tiffany Anderson, Long's co-worker, room mate, and the victim, stayed with him in a boarding house on East 97th Street in Cleveland. On June 21, 1999, sometime after 3:30 p.m. Long returned to the boarding house from work, left shortly thereafter and did not return until the early hours of the next morning. After Long left, Anderson and Konis Banks went into the poorly lit attic of the house and engaged in sexual relations.
Around 3:00 a.m. Long returned and, with the aid of a flashlight, found the couple. According to Banks, Long started to yell and scream, he hit Anderson once in the face with a backhanded motion and Banks made a hasty retreat from the house. Anderson stated that Long hit her once or twice and, as a result, she lost four of her front, upper teeth and had a lacerated and swollen upper lip. Because of Banks' efforts, police officers Gregory Rodes and Steven Zedella arrived and found Anderson, whom they described as dirty, ragged, and bloody, sitting on Long's bed. They took Long into custody and Anderson was taken to the hospital where her lip was sutured.
In a two-count indictment, Long was charged with felonious assault, R.C. 2903.11, with a one-year gun specification under R.C. 2941.141, a three-year gun specification under R.C. 2941.145, and a notice of repeat violent offender status, R.C. 2929.01(JJ)/ 2929.13(F)(6). Count two alleged a violation of R.C. 2923.13, having a weapon while under a disability. The case went to trial on September 20, 1999. The jury found Long guilty of felonious assault as charged in count one and not guilty of all specifications. Count two had been bifurcated and the judge then dismissed it. Long was sentenced to a six-year prison term, court costs and a $1,000 fine.
Long's single assignment of error states:
 THE JURY DETERMINATION IN LOWER COURT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
Long contends that while Anderson's injuries satisfy the definition of serious physical harm found in R.C. 2901.01(A)(5), the State failed to prove beyond a reasonable doubt that he actually caused such serious physical harm to her. Long denies that striking her once with the back of his hand could have resulted in such a degree of injury. The state counters that the testimony of both Anderson and Banks clearly supports the conclusion that Long caused her injuries.
The Supreme Court addressed the standard of review for a challenge to the manifest weight of the evidence in State v. Thompkins (1997),78 Ohio St.3d 380, 387, 678 N.E.2d 541.
 Weight of the evidence concerns "the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other. It indicates clearly to the jury that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find the greater amount of credible evidence sustains the issue which is to be established before them. Weight is not a question of mathematics, but depends on its effect in inducing belief." (Emphasis added). Black's [Law Dictionary (6th Ed. 1990)] at 1594.
 When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a "`thirteenth juror'" and disagrees with the factfinder's resolution of the conflicting testimony. Tibbs [v. Florida (1982)], 457 U.S. [31] at 42, 102 S.Ct. [2211] at 2218, 72 L.Ed.2d [652] at 661.[1] See, also, State v. Martin (1983), 20 Ohio App.3d 172, 175, 20 OBR 215, 219, 485 N.E.2d 717, 720-721 ("The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction."). [Id. at 387.]
[T]he weight to be given the evidence and the credibility of the witnesses are primarily for the trier of the facts and, as such, a reviewing court must accord due deference to the decision by the judge or jury. State v. DeHass (1967), 10 Ohio St.2d 230, 227 N.E.2d 212, paragraph one of the syllabus; see Thompkins, 78 Ohio St.3d at 390-391
(Cook and Lundberg Stratton, JJ., concurring separately) (A court reviewing questions of weight is not required to view the evidence in a light most favorable to the prosecution, but may consider and weigh all of the evidence produced at trial. The only special deference given in a manifest-weight review attaches to the conclusion reached by the trier of fact.).
R.C. 2903.11 prohibits a person from knowingly causing serious physical harm to another. See R.C. 2901.01(A)(5) (defining serious physical harm to persons). After reviewing the entire record, weighing the evidence and all reasonable inferences and considering the credibility of witnesses, we cannot conclude that jury clearly lost its way and created such a manifest miscarriage of justice. The jury could reasonably conclude that one blow to the face could cause the type of injury Anderson sustained, especially in light of the fact that Long carried a flashlight into the attic. The jury could also reasonably infer that Anderson received a second blow to the face after Banks left. This is not the type of case where the evidence weighs heavily against the conviction and requires a reversal and new trial. Thompkins, supra. This assignment of error is overruled.
It is ordered that the appellee recover from appellant its costs herein taxed.
This court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 ___________________________ ANNE L. KILBANE, JUDGE
JOHN T. PATTON, P.J., AND KENNETH A. ROCCO, J., CONCUR
[1] Contra State v. Prim (1999), 134 Ohio App.3d 142, 159,730 N.E.2d 455. (An appellate court does not and cannot sit as the `thirteenth juror' when reviewing a claim based upon the weight of the evidence.).